# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>LUCERO GUADALUPE SANCHEZ LOPEZ,<br><br>        Defendant. | Case No.: 17mj2407-AGS-MMA<br><br>**ORDER DISMISSING DEFENDANT'S APPEAL OF MAGISTRATE JUDGE DECISION**<br><br>[Doc. No. 23] |

  On June 21, 2017, Defendant Lucero Guadalupe Sanchez Lopez was arrested at the Otay Mesa Port of Entry and charged in a complaint with conspiring to distribute cocaine, in violation of Title 21, United States Code, sections 959(a), 960, and 963. On July 5, 2017, a grand jury in the District of Columbia charged Defendant in a single-count Indictment with the same offense. That same date, a magistrate judge in D.C. issued a warrant for Defendant's arrest. On July 17, 2017, an out-of-district complaint was filed in this District seeking Defendant's transfer for prosecution in D.C. Upon the government's motion, United States Magistrate Judge Andrew G. Schopler dismissed the complaint against Defendant filed in this District, and subsequently ordered Defendant's transfer to the District of Columbia. Defendant now appeals Judge Schopler's transfer order. For the reasons set forth below, the Court **DISMISSES** Defendant's appeal.

1

17mj2407-AGS-MMA

## DISCUSSION

"There is no provision for an appeal from an identity finding and transfer order of a magistrate judge." *United States v. Saldana-Beltran*, 37 F. Supp. 3d 1180, 1183 (S.D. Cal. 2014); *see also United States v. McCray*, 458 F.2d 389 (9th Cir. 1972); *United States v. Woodring*, 446 F.2d 733, 737 n. 3 (10th Cir. 1971); *Galloway v. United States*, 302 F.2d 457 (10th Cir. 1962). As such, "[a] right to appellate review by a district judge would defeat the Congressional purpose of 28 U.S.C. § 636 and Rule 5 to conserve the district judge's time." *Id.* at 1184. As another court in this District has aptly noted:

> Removal proceedings under the federal rules place jurisdiction with the magistrate judge and review of removal orders by a district judge would be a direct contradiction of congressional intent. Given the stated purpose of the Magistrates Act, removal questions are of the type which Congress believed would be more efficiently handled by magistrate judges. Expeditious resolution of removal questions can only be guaranteed if the magistrate judge's disposition is final.

*United States v. Castellon*, No. 15MJ0185 JMA (AJB), 2015 WL 11198777, at *1 (S.D. Cal. Feb. 5, 2015), appeal dismissed, 610 F. App'x 597 (9th Cir. 2015) (internal citations omitted).

Here, Defendant appeals pursuant to 28 U.S.C. § 636(b) and Federal Rule of Criminal Procedure 59(a). *See* Doc. No. 23. While pursuant to "the Federal Magistrates Act, a district court necessarily retains general supervisory authority to review the decisions of a federal magistrate judge acting pursuant to 28 U.S.C. 636(b)," *Saldana-Beltran*, 37 F. Supp. 3d at 1185, whether to do so lies within the discretion of the district court. This discretion notwithstanding, if a defendant objects to a magistrate judge's non-dispositive determination of any matter referred to the magistrate judge by the district judge pursuant to 28 U.S.C. § 636(b), the Court's discretion gives way to the requirement under Rule 59 that the "district judge must consider timely objections." Fed. R. Crim. P. 59(a).

However, the magistrate judges in this District derive their authority to transfer a defendant to another district pursuant to 28 U.S.C. § 636(a), which provides:

> Each United States magistrate judge serving under this chapter shall have within the district in which sessions are held by the court that appointed the magistrate judge, at other places where that court may function, and elsewhere as authorized by law . . . all powers and duties conferred or imposed upon United States commissioners by law or by the Rules of Criminal Procedure for the United States District Courts.

28 U.S.C. § 636(a)(1). Likewise, according to this District's local rules: "Each United States magistrate judge of this court is authorized to perform the duties prescribed by 28 U.S.C. § 636(a), and may . . . [e]xercise all the powers and duties conferred or imposed on United States magistrate judges by law and the Federal Rules of Criminal Procedure." SD CrimLR 57.4.a.1. Under Federal Rule of Criminal Procedure 5, "the *magistrate judge* must transfer the defendant to the district where the offense was allegedly committed." Fed. R. Crim. P. 5(c)(3)(D) (emphasis added); *accord* 18 U.S.C. § 3060 (authorizing magistrate judges to conduct preliminary criminal proceedings).

Judge Schopler's authority to order the transfer of Defendant to the District of Columbia arises from the Federal Rules, as echoed in this District's local rules, as well as statute; the matter of Defendant's transfer was not designated or referred to him by a district judge. Accordingly, the Court is not obliged to review Judge Schopler's determination and in the interest of preserving Congressional intent, as well as the careful balance of authority established by the federal rules and this District's local rules, the Court declines to exercise whatever discretion it may have to do so.

## CONCLUSION

Based on the foregoing, the Court **DISMISSES** Defendant's appeal.

**IT IS SO ORDERED**.

DATE: August 21, 2017

HON. MICHAEL M. ANELLO
United States District Judge